UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTER BAGS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-03093 |
| | § | |
| REDI BAG USA LLC | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Dismiss for Improper Venue or in the Alternative to Transfer the Case to the Eastern District of New York of Defendant Redi Bags USA, LLC ("Redi") (Doc. No. 7). For the reasons stated below, the Court is of the opinion that this Motion should be denied.

## I.   BACKGROUND[1]

Plaintiff Better Bags, Inc. ("Better Bags") is a Houston-based corporation in the business of manufacturing and marketing plastic produce bags on a "header."[2] (Better Bags Compl., Doc. No. 1, ¶ 6.) Defendant Redi is a New York based manufacturer and marketer of plastic bags. (*Id.* ¶¶ 2, 8-11.) Better Bags is the owner of U.S. patent number 5,732,833 (the "'833 Patent"). (*Id.* ¶ 7.) Redi is the owner of U.S. Patent number 7,314,137 (the "'137 Patent"). (*Id.* ¶ 10.) In October 2005, Better Bags became aware that Redi was marketing plastic bags on a header that infringed upon the '833 Patent. (*Id.* ¶ 8.)

---

[1] These are the facts of the case as alleged by Plaintiff Better Bags, Inc. ("Better Bags"), the non-movant in this matter. (*See* section II.A of this Memorandum, below.)

[2] A "header" is a device used for dispensing plastic bags, and is described in detail in U.S. patent number 5,732,833 (the "'833 Patent"), attached as Exhibit A to Better Bags' Complaint (Doc. No. 1).

Better Bags notified Redi of its infringement and Redi agreed to cease and desist from such infringement. (*Id.*)

In June 2008, Better Bags realized that Redi was again marketing plastic bags on a header that infringed on the '833 Patent, and again notified Redi of its infringement. (*Id.* ¶ 9.) In response, Redi blamed its infringement on third parties and claimed that one of Better Bags' new plastic bag products was infringing upon Redi's '137 Patent. (*Id.* ¶ 10.) Upon reviewing a formal demand letter from Redi notifying it of its alleged infringement of the '137 Patent, Better Bags determined it was not infringing on the '137 Patent, and notified Redi accordingly. (*Id.* ¶¶ 11-12.) In December 2008, Redi sent letters to at least one of Better Bags' customers, claiming that the customer was using a bag that infringed upon its '137 Patent. (*Id.* ¶ 13.)

On December 23, 2008, Better Bags filed *Better Bags, Inc. v. Redi Bag USA LLC;* C.A. No. 4:08-cv-3733; in the United States District Court for the Southern District of Texas – Houston Division (the "Litigation"), alleging claims for relief for infringement under the '833 Patent, willful infringement under the '833 Patent, unfair competition under 15 U.S.C. Section 1125, unfair competition under common law, tortuous interference with business, invalidity of one or more claims of the '137 Patent, and non-infringement of any of the claims of the '137 Patent. (*Id.* ¶¶ 13-14.) On June 9, 2009, Better Bags and Redi entered into a Settlement Agreement ("Agreement") to resolve the Litigation and all disputes between them. (*Id.*) On June 10, 2009, a Final Consent Judgment and Agreed Permanent Injunction ("Judgment") was signed by the Honorable Sim Lake. (*Id.*) The Judgment was incorporated into the Agreement as Exhibit C. (*Id.* at Exhibit B ¶ 4.3.)

On June 30, 2009, approximately two weeks after the Agreement was signed, Redi filed suit against Better Bags in the Supreme Court of New York, County of Nassau, Cause No. 09-12864 (the "New York Litigation"). (*Id.* ¶ 16, Exhibit D.) In September 2009, Better Bags became aware that Redi was once again marketing and selling plastic bags on a header that infringed upon the '833 Patent. (*Id.* ¶ 18.)

On September 24, 2009, Plaintiff Better Bags filed this suit against Redi, alleging claims for relief for infringement of the '833 Patent, willful infringement, breach of contract, fraud, contract rescission, exemplary damages, and attorneys' fees and costs. (*Id.* ¶¶ 19-21.) Better Bags' allegations are based on Redi's filing of the New York Litigation and Redi's renewed infringement of the '833 Patent. (*Id.* ¶¶ 16-18.) Redi now moves to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3), or, alternatively, to transfer the case to the Eastern District of New York.

## II.     MOTION TO DISMISS: IMPROPER VENUE

### A.     Legal Standard- Rule 12(b)(3) and Venue

The United States Code instructs a district court to dismiss or transfer a case if venue is improper where filed. 28 U.S.C. § 1406(a). A party may move for dismissal of a suit based on improper venue under Federal Rule of Civil Procedure 12(b)(3). The movant bears the burden of showing improper venue in connection with a motion to dismiss. *Texas Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)); *see also Myers v. American Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1983), *cert. denied*, 462 U.S. 1106 (1983); *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729, 733 (E.D. Tex. 1998). In meeting this burden, the movant must show facts that will defeat a plaintiff's assertion of

venue. *See Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191-92 (10th Cir. 1998). On a motion to dismiss for improper venue based on a forum selection clause, a court must accept as true all allegations in the complaint and resolve all factual conflicts in favor of the non-movant. *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004) (noting that the conclusion that the party seeking to avoid enforcement of a forum selection clause is entitled to have facts viewed in the light most favorable to it is consistent with case law and authoritative treatises)); *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997).

>28 U.S.C. Section 1391(b) provides:
>
>A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Further, "for the purposes of venue, a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). The Supreme Court has specifically recognized that personal jurisdiction can be founded upon voluntary appearance or the parties' contractual agreement to submit to the jurisdiction of a particular court. *See National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964); *Pennoyer v. Neff*, 95 U.S. 714, 725-29 (1878).

Redi argues Better Bags' action should be dismissed for improper venue because Redi does not reside in Texas, the events giving rise to this litigation occurred in New

York, and the case could have been brought in New York. It further argues that, although it entered into the Agreement and the incorporated Judgment, Redi did not submit to the jurisdiction of this Court, nor specifically waive any jurisdictional challenge in the Litigation. (Redi Mot., Doc. No. 7, at 6.) Better Bags points out that Redi agreed to the continuing jurisdiction of this Court in the Judgment, thereby rendering Redi a resident of this district and venue proper herein. (Better Bags Resp., Doc. No. 8, at 3.)

      A.      **Waiver of Objection to Venue**

The disagreement between the parties primarily concerns the legal significance of the clauses in the Judgment that place continuing jurisdiction with this Court. The relevant clauses provide: (1) "[t]his court shall have continuing jurisdiction to enforce both the Final Consent Judgment and the Settlement Agreement, as described below," and (2) "Defendant has not filed an action in this case, but hereby submits to the continuing jurisdiction of this Court." (Redi Mot. Ex. C. ¶¶ 1-2.) Notably, Redi does not contest that it agreed that this Court would retain jurisdiction over future disputes arising from the Agreement. Instead, in its Motion, Redi argues that any disputes that might arise from the Agreement and the Judgment "would necessarily include the threshold dispute as to the proper venue for resolution of any issues arising between the parties." (Def. Mot. at 6.) In other words, Redi implies that its consent to this Court's jurisdiction serves only to allow this Court to make a determination as to the proper venue for the dispute, which may or may not be in this Court. However, Redi cites to no authority to support this contention.

This Court must first determine whether, in consenting to the continuing jurisdiction of this Court, Redi has in fact waived any objection to venue. A party can

waive its objection to venue by agreement, by failing to object, or by affirmatively seeking the aid of the court. *See Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1068 (5th Cir. 1986) (holding that, even if venue is laid in court where it would otherwise be improper, it may be waived by express agreement or by conduct); *Rubens v. Ellis*, 202 F.2d 415, 417 (5th Cir. 1953) (holding that objection to venue was waived by the party's failure to object and by affirmative filing of a counterclaim, thereby seeking aid of the court). The Judgment executed by this Court was signed and agreed upon by counsel representing both Better Bags and Redi. (Def. Mot. Ex. C.) Although Redi did not make a formal appearance in this Court, its acquiescence to entry of a final Judgment does represent an affirmative action invoking the Court's authority. Had Redi made an appearance in the Litigation for the specific purpose of objecting to venue, had Better Bags dismissed its lawsuit before Redi had participated in any way, or had the parties entered into a settlement that in no way invoked or incorporated this Court's authority, our conclusion would likely be different. However, as executed, the Agreement specifically calls for a Final Judgment and Agreed Permanent Injunction to be filed with and executed by the United States District Court for the Southern District of Texas. (Def Mot. Ex. B.) By signing the Judgment and allowing its substantive rights to be affected by this Court, Redi effectively waived any objection to venue for disputes arising out of the Agreement.

      **C.**    **Was Venue Proper?**

Moreover, even if acquiescing to the Judgment did not constitute a waiver of venue, and this Court was therefore called upon to make a venue determination, Redi's agreement to continuing jurisdiction in this Court effectively rendered it a proper venue for the current dispute. As stated above, Redi does not contest that it agreed to continuing

jurisdiction of this Court for all future disputes arising out of the Agreement. Essentially then, Redi, as corporate defendant, consented to the personal jurisdiction of this Court, thereby rendering it a resident of this judicial district for purposes of venue under 28 U.S.C. Section 1391(c). Accordingly, venue is proper under Section 1291(b).

### D. Does this Dispute Arise out of the Agreement?

Redi additionally argues that, although the Agreement gave this Court the authority to enforce it, the facts giving rise to New York Litigation and the current lawsuit are unrelated to the Agreement, rendering the jurisdiction clause of the Agreement inapplicable. While the New York Litigation may indeed involve issues unrelated to the Agreement, that is not the issue now before the Court. Notably, the Complaint in *this* case clearly alleges claims for relief that arise from and are closely related to the terms and obligations under the Agreement. Better Bags alleges continuing infringement of the '883 Patent, breach of the Agreement, and fraudulent inducement. The Court finds that these were precisely the kinds of claims for relief contemplated by the Agreement's continuing jurisdictional clauses. While this dispute will undoubtedly require some examination of New York Litigation, the primary question now before the Court is whether Redi violated the terms of the Agreement through continuing patent infringement and by filing the New York Litigation. As such, the continuing jurisdiction clauses of the Judgment are applicable, and venue is proper in this Court.

## III. MOTION TO TRANSFER

### A. Legal Standard

In the alternative, Redi argues that even if venue is proper, this case should be transferred to the Eastern District of New York pursuant to 28 U.S.C. Section 1404(a).

Under 28 U.S.C. Section 1404(a), a correctly filed case may be transferred to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." Defendant, as the movant under Section 1404(a), bears the burden of establishing the propriety of the transfer. *In re: Volkswagon of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc). The movant must "show good cause." *Id.* (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963)). Good cause means that "a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (distinguishing the heavier burden under the *forum non conveniens* standard where the movant must show that the factors "substantially outweigh" the plaintiff's choice of venue.)

A plaintiff's initial choice of forum is entitled to deference, and the degree of deference is higher when he has chosen his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Conversely, when a plaintiff is not a resident of the chosen forum, or when the operative acts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice. *See In re Horseshoe Entm't.*, 337 F.3d 429, 434-35 (5th Cir. 2003); *Apparel Production Services Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 828 (S.D. Tex. 1993).

A court must then consider whether the relevant public and private factors counsel in favor of a transfer. The Supreme Court set forth private and public factors to be

8

weighed in a *forum non conveniens* determination in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947), and reaffirmed them in *Piper*, 454 U.S. 235 (1981). The Fifth Circuit then adopted the *forum non conveniens* factors for the Section 1404(a) context. *Humble Oil*, 321 F.2d at 56; *In re Volkswagen*, 545 F.3d at 314 n. 9. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive." *In re Volkswagon*, 545 F.3d at 314 (citing *Piper Aircraft*, 454 U.S. at 241 n. 6). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* Even a valid forum selection clause is not dispositive and does not compel transfer if the factors listed in 1404(a) militate against transfer. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### B. Application

As an initial matter, the Court notes that Better Bags is a Texas corporation with its principal place of business in Houston, Texas. (Better Bags Compl. ¶ 1.) Because Better Bags has chosen to bring its case against Redi in its home forum, its choice is given a high degree of deference. *Piper Aircraft Co.*, 454 U.S. at 255-56.

Turning then to the private factors in this case, Redi points out that it resides in the Eastern District of New York and all of its witnesses are located there, particularly those who will be required to testify as to the nature of the New York Litigation.

Accordingly, Redi argues that litigating in Texas would be a "significant burden" on it. Conversely, however, Better Bags is based in Texas and its employees and witnesses are located here.   Redi further argues that no activities giving rise to this litigation occurred in Texas. Therefore, sources of proof are exclusively located in New York and will be more readily accessible there. Better Bags, however, contends that technological advances allow convenient access to all documents necessary for the defense of this suit from this district. Thus, it does not appear that the convenience of the parties and witnesses weighs heavily in favor of either venue.

As to the public factors, Redi admits that calendars of the Eastern District of New York and the Southern District of Texas are relatively equivalent. However, Redi argues that the Eastern District of New York has a greater interest than the Southern District of Texas in the determination of business torts and breaches of agreements related to business activities of competitors in the state of New York. Conversely, Better Bags points out that the Southern District of Texas has a strong interest in the determination of this suit because it arises out of prior litigation in this district, and this Court specifically allowed for its continuing jurisdiction to enforce the Judgment and over the injunction. In addition, because the Agreement provides that future disputes arising under it should be governed by Texas law, this forum, according to Better Bags, is more familiar with the applicable law in this case.

Weighing all of these factors, the Court concludes that Better Bags' case should not be transferred under Section 1404(a). In light of the deference to be given to a plaintiff's choice of forum and this Court's continuing jurisdiction over the Agreement

10

and the incorporated Judgment, the Court holds that Redi's motion to transfer should be denied.

## VI.  CONCLUSION

For the reasons stated above, this Court holds that Defendant Redi's Motion to Dismiss for Improper Venue or in the Alternative to Transfer the Case to the Eastern District of New York  (Doc. No. 7) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 2nd day of March, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE