IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| BETTER BAGS, INC. ) | Civil Action No. 4:09-cv-03093 |
| Plaintiff ) | |
| v. ) | |
| ) | |
| REDI BAG USA LLC ) | |
| Defendant ) | |

**MOTION FOR DIRECTED VERDICT AND JUDGEMENT AS A
MATTER OF LAW FOR INFRINGEMENT OF THE '137 PATENT**

Redi Bag, hereby moves pursuant to Rule 50 of the Federal Rules of Civil Procedure for entry of judgement of infringement of the '137 patent by the accused Better Bags product. Due to the lack of evidence, a reasonable jury could not have found in favor of Better Bags.

Redi Bag has the burden of establishing infringement by a preponderance of the evidence. Infringement is established by a one-to-one comparison of the elements of the claims to the accused device. Redi Bag satisfied this burden with a word-for-word comparison in the testimony of Mr. Rabiea. Trial Exhibits 33, 34, 35 and 36 reflect this testimony.

Trial Exhibit 33[1] is original Trial Exhibit 10 with additions provided by Mr. Rabiea during testimony. Mr. Rabiea marked the top edge of the pouch in black marker and indicated the portion of the top edge of the pouch which had been "cut away or removed," with a red marker.



---

[1] Exhibit 33 is reconstructed here because the original was retained by the Court.

Trial Exhibit 34 is a disassembled demonstrative of the accused product. Mr. Rabiea identified and placed labels on each and every part of the accused product corresponding to each of the elements of the asserted claim 1 of the '137 patent. This demonstrative is precisely the one-to-one and word-to-word comparison required of the patent law to establish infringement.



Trial Exhibit 35 is an assembled demonstrative of the accused product. Mr. Rabiea identified and placed labels on each and every part of the accused product corresponding to each of the elements of the asserted claim 1 of the '137 patent. This demonstrative is precisely the one-to-one and word-to-word comparison required of the patent law to establish infringement.



Trial Exhibit 36 is a scorecard demonstrating that each and every element of claim 1 of the '137 patent was matched one-to-one with a part of the accused product.



Redi Bag established a prima facie case of infringement. It was then incumbent upon Better Bag to rebut this showing by credible, admissible evidence.

Better Bags presented no evidence at all asserting nor establishing that any of the identified parts were missing.

Better Bags cross examined Mr. Rabiea but obtained no admissions that the top edge of the pouch identified by Mr. Rabiea was anything other than the top edge of the pouch.[2]  Better Bags' counsel questioned Mr. Rabiea about the top edge of the entire accused product (i.e. at the top edge of the header and the green plastic bag) but made no connection between the top edge of the entire accused product and the "top edge of the pouch" recited in the claims.  Therefore none of this testimony was relevant to the issue of non-infringement.

Better Bags' counsel also offered testimony from Mr. Alvarado, again referring to the top of the entire product, not the top edge of the pouch as required in the claims.  Better Bags' counsel never put forth the claims of the patent and made no offer of any testimony that the language of the patent referred to the top edge of the entire accused product.

Better Bags counsel also argued, (i.e. attorney argument, not actual testimony from any witness) presenting his belief, without any support in fact, testimony or law, that the Court's claim construction transformed an apparatus patent into a method patent.  This is a legal impossibility and a theory with no basis in law.  There was no evidence nor testimony, only attorney argument is support of this improper proposition.

Because Better Bags did not present any evidence in rebuttal of Redi Bags showing of infringement, there was no basis for a reasonable jury to find in favor of non-infringement and therefore the Court should enter a directed verdict and judgement as a matter of law finding infringement of independent claims 1 and 11.

---

[2] The testimony of Mr. Rabiea was also supported by the testimony of Mr. Ritter who also identified the top edge 5 of the pouch and the missing portion of the top edge of the pouch and found infringement.  See Ritter testimony, deposition testimony, and Defendant's Trial Exhibit 11 the Better Bags product marked by Mr. Ritter.

## THE CLAIMS

Claim 1, identical to Trial Exhibit 36, is set forth below:[3]

A bag dispenser comprising:

**a header**, said header comprising a front wall and a rear wall attached together to form a recess;



**a bag**, said bag comprising a perforation line dividing the bag into a first section and a second section, said first section being situated within said header recess and retained between said front wall and said rear wall of said header;



---

[3] Claim 11 is identical to Claim 1 except for the requirement of a plurality of bags.

**a pouch**, said pouch comprising a front wall having a bottom edge, side edges and a top edge, and a rear wall having a bottom edge and side edges said bottom edge and said side edges of said front wall and said bottom edge and said side edges of said rear wall, respectively, being joined together to form said pouch,

*(original claim language: said top edge of said front wall being unattached so as to define an opening for said pouch spaced from said header)*
at least a portion of the top edge must be cut away or open to allow the formation of a pouch opening so that bags can be retrieved from the pouch - (language from claim construction)



*(original claim language: means for attaching said pouch to said header such that at least a portion of said second section of said bag may extend through said pouch opening and within said pouch)*
**a back wall**, preferably made of the same plastic sheet material as the bag walls, but considerably thicker stock than the walls of the bags, to give the back considerably more strength than the bag walls. Preferably, rear wall of the pouch is integral with back sheet so that the pouch and the attaching means can be manufactured together. - (language from claim construction)

There is no dispute about the back wall, nor the header.

Each of the elements or claim 1 was identified in Exhibits 33, 34 and 35.





None of the tags of 33, 34 or 35 was challenged or removed by Better Bags.

## **THE CLAIM ELEMENT IN DISPUTE**

The claim language in dispute was:

> *said top edge of said front wall being unattached so as to define an opening for said pouch spaced from said header*

The Court construed this language as:

> at least a portion of the top edge must be cut away or open to allow the formation of a pouch opening so that bags can be retrieved from the pouch

In order to identify this part of the accused product, one must make some determinations thorough a reading fo the claim language, as testified to by Mr. Rabiea. First, determine which top edge must have a "portion that is cut away." The answer is simple and found in the claim, it is the top edge of the pouch[4]:

---

[4] This was Better Bags' first mistake.  Better Bags at no time discussed the top edge of the pouch, Better Bags entire presentation was directed to the top edge of the entire product.

> **a pouch**, said pouch comprising a front wall having . . . a top edge . . . said top edge of said front wall being unattached so as to define an opening for said pouch . . .

Then one must determine where the top edge of the pouch is located. In order to determine this one must find in the claim where the pouch is defined. The bag is divided by a perforation line into a first section and a second section:

> **a bag**, said bag comprising a perforation line dividing the bag into a first section and a second section,

The first section is the upper throw away portion of the bag that is clamped inside the header:

> said first section being situated within said header recess and retained between said front wall and said rear wall of said header;

The second section of the bag (the part that is torn off and used by the customer) is within the pouch:

> at least a portion of said second section of said bag may extend through said pouch opening and within said pouch



Therefore, the "pouch" is the part of the outer cover that holds the second section of the bag. The "top edge of the pouch" is therefore next to the perforation line which divides the first and second sections of the bag.

As clearly set forth in the testimony of Mr. Rabiea and Mr. Ritter and as never contradicted by any testimony of any witness, "at least a portion of the top edge" (the center part, about half of the entire edge) was "cut away or open to allow the formation of a pouch opening so that bags can be retrieved from the pouch."  Mr. Alvarado never contradicted this testimony and he could not because the central portion of the top edge of the pouch is clearly cut away. Mr. Alvarado attempted to avoid this admission by asserting that he called his product a sleeve not a pouch and therefore it did not infringe because it had a different name.   This was not non-infringement testimony.

There was no contrary testimony and thus a directed verdict of infringement is appropriate.

Better Bags' testimony from Mr. Alvarado, regarding the top edge of the big green bag that surrounded the entire product was not relevant to the issue of infringement.  The claims recite the top edge of the pouch, which is the portion that holds the second section of the produce bag.  The top edge of the entire green outer bag is not relevant. In addition, Better Bags presented no testimony that even suggested that the top edge of the green outer bag was the top edge of the pouch.

## BETTER BAGS NON-RELEVANT ARGUMENT

Instead of addressing the claim language and the accused product, Better Bags' counsel instead presented a novel theory to the Court, the "chicken or the egg" theory.   Better Bags' counsel contended, without support in fact or law,  that the claim construction required the steps of having a large outer bag which is converted into a pouch by cutting away the top edge of the

large outer bag.  Mr. Alvarado testified about the manufacturing process of Better Bags, discussing the formation of a sleeve from a big green bag that has the center punched out with a die cutter.

From this testimony about the manufacturing steps, arose better Bags' counsel's "chicken or the egg" presentation.   Counsel testified that the claims were now method claims, not apparatus claims and included: Step 1 start with a big green bag.  Step 2 you "must cut away" the top edge of the bag when forming a pouch.  Counsel, not any witness, then concluded that because the part of the green bag that is sealed under the header is not cut away, there can be no infringement, even though the top edge of the pouch has the center portion "cut away."

Better bags should never have been allowed to present its improper "method claim" theory to the jury and counsel for Redi bag objected to this lawyer testimony.

## CONCLUSION

Because Redi bag entered testimony demonstrating the one-to-one correspondence between the claim language and the accused product, and Better Bags provided no testimony to the contrary, the Court should enter a directed verdict and Judgement as a Matter Of Law, finding infringement of claims 1 and 11.

    Respectfully Submitted;

     /s/ Joseph J. Zito  
    Joseph J. Zito  
    Southern Dist. Texas Bar No. 36061  
    ZITO tlp  
    1250 Conn. Ave., NW, Suite 200  
    Washington, DC 20036  
    (202) 466-3500  
    joe@zitotlp.com  
    Counsel for Redi Bag, USA, LLC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing MOTION FOR DIRECTED VERDICT AND JUDGEMENT AS A MATTER OF LAW FOR INFRINGEMENT OF THE '137 PATENT was forwarded to Plaintiff's counsel via the Court's CM-ECF system with "Notice of Electronic Filing" to the attorney of record who has consented to accept such notice as service of this document by electronic means. There are no other counsel of record not deemed to have consented to electronic service. Served on this the 17th day of January, 2012.

*/s/ Joseph J. Zito*