IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BETTER BAGS, INC. ) | Civil Action No. 4:09-cv-03093 |
|     Plaintiff ) | |
| v. ) | |
| REDI BAG USA LLC ) | |
|     Defendant ) | |

**MOTION FOR DIRECTED VERDICT AND JUDGEMENT AS A
MATTER OF LAW DISMISSING BETTER BAGS AFFIRMATIVE DEFENSES**

    Redi Bag, hereby moves pursuant to Rule 50 of the Federal Rules of Civil Procedure for entry of judgement on Better Bags Affirmative Defenses of:

    Waiver
    Accord and Satisfaction
    Equitable Estoppel
    Release
    Judicial Estoppel
    Collateral Estoppel
    Res Judicata

    All of Better Bags affirmative defenses, except for release, rely upon Better Bags incorrect reading of ¶ 2.1 of the June 9, 2009 Settlement Agreement.

**FOURTEENTH DEFENSE**

38. On June 9, 2009, Better Bags, Inc. and Redi Bag USA LLC entered into a Settlement Agreement to settle all disputes between them in C. A. No. 4:08-cv-3733; *Better Bags, Inc. v. Redi Bag USA LLC*; in the United States District Court for the Southern District of Texas -- Houston Division. On June 10, 2009, a Final Consent Judgment and Agreed Permanent Injunction was signed by Honorable Judge Sim Lake. In the Settlement Agreement, Redi Bag USA LLC agreed to cease and desist and refrain from claiming that a certain product referred to as the Better Bags Sleeve infringes on the '137 Patent. In the Final Consent Judgment and Agreed Permanent Injunction, Redi Bag USA LLC was

> enjoined from claiming that a certain product referred to as Better Bags Sleeve infringes on the '137 Patent. Redi Bag USA LLC now alleges that the Better Bags Sleeve infringes on the '137 Patent. Based on the foregoing, Better Bags, Inc. raises the affirmative defenses of estoppel, release, accord and satisfaction, judicial estoppel, collateral estoppel and res judicata.

As the Court has already determined, the June 9, 2009 Settlement Agreement was a settlement of past issues and not a waiver of any future cause of action. Thus, only the affirmative defense of release, based on ¶4.2, can rely upon the June 9, 2009 Settlement Agreement. The remainder of the affirmative defenses have no basis in law or fact.

The affirmative Defense of Release relies upon ¶ 4.2 of the Settlement Agreement and releases Better Bags from liability for damages for infringement prior to June 6, 2009. The release does not release future liability an incorrectly asserted by Better Bags.

**WAIVER**:

> "Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right."

Better Bags has failed to demonstrate that Redi Bag waived its right to assert infringement of the '137 patent against the products of Better Bags. The evidence presented at trail actually proves the contrary, Redi Bags specifically reserved the right to assert the '137 patent against Better Bags if infringement continued:

> . . . as long as such system does not include a front wall with a top edge that is unattached so as to define a pouch spaced from the header. (paragraph 2.1)

Better Bags has demonstrated no waiver by Redi bag. Better Bags has failed to meet its burden of proof and Redi bag should be granted a directed verdict on the affirmative defense of waiver.

**ACCORD AND SATISFACTION**:

> "Accord and satisfaction" is a legal method of discharging any kind of cause of action, where the parties agree to give and accept something in settlement of the claim or demand of one party against the other party, and the parties perform such agreement. The "accord" is the agreement to discharge or settle the cause of action, and the "satisfaction" is the execution or performance of the accord.

The only accord and satisfaction contained in the June 9, 2009 Settlement Agreement was the agreement to dismiss the lawsuit and settle past claims for infringement with the hope that the parties would stop infringing and not engage in further litigation. This accord reached between the parties was satisfied when the suit was dismissed. Neither Redi Bag nor Better Bags changed their product and Better Bags sued three months later, filing the exact same suit and accusing the exact same products, as expressly reserved in the Settlement Agreement.

Better Bags has failed to identify or present any evidence of any other accord or of any accord that was unsatisfied by Redi Bags and Redi bag should be granted a directed verdict on the affirmative defense of accord and satisfaction.

**EQUITABLE ESTOPPEL**:

> Under the theory of equitable estoppel, the owner of a patent may forfeit its right to any relief from an infringer. This is established if Redi Bag
> (a) by words or conduct made a false representation or concealed material facts, and
> (b) with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts, and
> (c) with the intention that Better Bags would rely on the false representation or concealment in acting or deciding not to act; and
> Better Bags
> (a) did not know and had no means of knowing the real facts and
> (b) relied to its detriment on the false representation or concealment of material facts.

The Court dismissed Better Bags fraud count on a directed verdict at the close of Better Bags

case in chief. The Court ruled that there was insufficient evidence to show that Redi Bag made any false or knowingly false statements. Better Bags did not present any additional evidence in support of its affirmative defenses and therefore, the affirmative defense of equitable estoppel must also be dismissed.

**RELEASE**:

> A release is a complete bar to a later action based on matters covered in the release. The scope of a release is determined by ascertaining and giving effect to the parties' intentions as expressed in the document.

Redi Bag released Better Bags from patent infringement liabilities arising before June 9, 2009 by action of ¶ 4.2 of the Settlement Agreement of June 9, 2009. No further release was made by Redi Bag and Better bags did not offer any evidence of any further release. Therefore, damages before June 9, 2009 should be excluded and Redi Bag should be granted a directed verdict on the affirmative defense of release after June 9, 2009.

**JUDICIAL ESTOPPEL**, **COLLATERAL ESTOPPEL** and **RES JUDICATA**:

Each of these affirmative defenses is also based upon the June 9, 2009 Settlement Agreement and the dismissal of the 2008 litigation. As the Court has already determined, both parties settled past conflicts but specifically reserved the right to re-file if infringement continued. Better Bags re-filed its patent infringement suit in September 2009 and Redi Bags filed Counter Claims for patent infringement in May 2010.

Neither Better Bags claims of patent infringement nor Redi Bags counter claims of patent infringement were barred by estoppel or by res judicata. Better Bags provided no evidence at

trial in support of this proposition. In fact, Better Bags' own actions as Plaintiff in initiating and continuing a patent infringement suit including all of the products of Redi Bag is directly contrary to the unsupported position of Better Bags.

Redi Bag should be granted a directed verdict on the affirmative defenses of Judicial Estoppel, Collateral Estoppel and Res Judicata.

## **CONCLUSION**

Better Bags has not entered evidence at trial to establish that Redi Bag's claim of patent infringement is barred by any of the affirmative defenses raised by Better Bags. The parties resolved the 2008 litigation through a Settlement Agreement dated June 9, 2009 which resolved past disputes and specifically reserved the right for either or both parties to bring suit in the future for patent infringement. The Settlement Agreement encouraged, but did not require, either party to change its products and avoid future litigation. Neither party changed their product so the present litigation ensued in 2009, and was initiated by Better Bags, not Redi Bag.

Because the June 9, 2009 Settlement Agreement also included a release (¶4.2) damages for the present action begin after June 9, 2009.

Better Bags has the burden of establishing that the Settlement Agreement has a meaning different from its plain language and Better Bags has not met that burden. The Court should enter a directed verdict and Judgement as a Matter Of Law, dismissing all of Better Bags affirmative defenses.

Respectfully Submitted;

  /s/ Joseph J. Zito
Joseph J. Zito
Southern Dist. Texas Bar No. 36061
ZITO tlp
1250 Conn. Ave., NW, Suite 200
Washington, DC 20036
(202) 466-3500
joe@zitotlp.com
Counsel for Redi Bag, USA, LLC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **MOTION FOR DIRECTED VERDICT AND JUDGEMENT AS A MATTER OF LAW DISMISSING BETTER BAGS AFFIRMATIVE DEFENSES** was forwarded to Plaintiff's counsel via the Court's CM-ECF system with "Notice of Electronic Filing" to the attorney of record who has consented to accept such notice as service of this document by electronic means. There are no other counsel of record not deemed to have consented to electronic service. Served on this the 17th day of January, 2012.

*/s/ Joseph J. Zito*