UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTER BAGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3093 |
| | § | |
| REDI BAG USA LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Redi Bag's Motion for Directed Verdict and Judgment as a Matter of Law for Infringement of the '137 Patent (Doc. No. 72), Redi Bag's Motion for Directed Verdict and Judgment as a Matter of Law Dismissing Better Bags['s] Affirmative Defenses (Doc. No. 79), and Redi Bag's Motion under FRCP Rule 59 for New Trial (Doc. No. 73). After considering these motions, all responses thereto, and the applicable law, the Court finds that the motions must be denied.

**I. BACKGROUND**

The remaining claim at issue in this case involves a patent for devices used to dispense plastic bags such as those used in the produce sections of grocery stores. Defendant/Counter-Plaintiff Redi Bag USA LLC ("Redi Bag") is the owner of U.S. Patent No. 7,314,137 (the "'137 patent"), which discloses a dispenser in which plastic bags are attached to a header so that when the top of a bag is detached, the bottom of the bag remains in a pouch rather than falling to the floor. Redi Bag contends that Better Bags, Inc. ("Better Bags") infringed on the '137 patent.

Better Bags previously filed a lawsuit against Redi Bag, and the parties signed a settlement agreement resolving their dispute. (C.A. No. 4:08-cv-3733, *Better Bags, Inc. v. Redi*

*Bag USA LLC*, S.D. Tex.)  Judge Sim Lake entered a Final Consent Judgment and Agreed Permanent Injunction on June 10, 2009.  Redi Bag subsequently filed suit against Better Bags in the Supreme Court of the State of New York, County of Nassau.  The court dismissed this lawsuit.

Better Bags then brought the present action against Redi Bag in this Court for infringement of its patent, U.S. Patent No. 5,732,833, and the Court awarded Redi Bag summary judgment on this claim.  (Memorandum and Order, Doc. No. 48.)  Better Bags also brought claims for breach of contract for violating the settlement agreement, and fraud in executing the settlement agreement.

Redi Bag counterclaimed for infringement of the '137 patent.  Better Bags asserted affirmative defenses of waiver, accord and satisfaction, equitable estoppel, release, judicial estoppel, collateral estoppel, and res judicata.

A five-day jury trial took place from January 9–13, 2012.  Better Bags, as the Plaintiff, presented its case-in-chief first, and rested on January 12, 2012.  Redi Bag was awarded judgment as a matter of law on Better Bags's remaining claims for breach of contract and fraud.  Redi Bag then presented its evidence with respect to the infringement claim at issue, and rested in the afternoon on January 13, 2012.  There was no rebuttal by Better Bags.

The jury returned a verdict finding that Better Bags did not infringe any claims of the '137 patent, either literally or under the doctrine of equivalents.  Because of this finding, the jury did not answer any questions about Better Bags's affirmative defenses or damages sustained by Redi Bag.

Redi Bag now moves for directed verdict and judgment as a matter of law on both its infringement claim and Better Bags's affirmative defenses.  It also moves for a new trial.

## II.  MOTIONS FOR JUDGMENT AS A MATTER OF LAW (JMOL)

### A.  Legal Standard

Under Federal Rule of Civil Procedure 50, a motion for judgment as a matter of law may be granted if a trial court finds that a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a).  The Federal Circuit reviews post-trial motions for JMOL and new trial under regional circuit law.  *Finjan, Inc. v. Secure Computing Corp.,* 626 F.3d 1197, 1203 (Fed. Cir. 2010).  In the Fifth Circuit, "[t]he decision to grant a directed verdict . . . is not a matter of discretion, but a conclusion of law based upon a finding that there is insufficient evidence to create a fact question for the jury." *Omnitech Int'l v. Clorox Co.*, 11 F.3d 1316, 1323 (5th Cir. 1994) (omitting internal citations and quotation). There is no legally sufficient evidentiary basis when "'the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict.'"  *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 401 (5th Cir. 2000) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc*., 107 F.3d 331 (5th Cir. 1997) (en banc)).  However, "[i]f a party fails to move for judgment as a matter of law under [Rule] 50(a) on an issue at the conclusion of all of the evidence, that party waives . . . its right to file a renewed post-verdict Rule 50(b) motion."  *Flowers v. Southern Reg'l Physician Servs., Inc.,* 247 F.3d 229, 238 (5th Cir. 2001).

### B.  Infringement of the '137 Patent

Redi Bag states that it "moved for a directed verdict on infringement at the close of the trial and the Court allowed the matter to go to the jury without discussion because of the rush to

3

conclude on Friday." (Reply, Doc. No. 88, at 6.) However, only Better Bags brought a Rule 50(a) motion on the infringement claim at the close of Redi Bag's case and before the case was submitted to the jury. (*See* Ex. A, Excerpt of Proceedings, January 13, 2012.) Thus, the Court may not consider Redi Bag's Rule 50(b) motion on its infringement claim.

### C. Better Bags's Affirmative Defenses

Redi Bag presented a Rule 50(a) motion on Better Bags's affirmative defenses at the close of Better Bags's case-in-chief.[1] Thus, Redi Bag can renew its motion under Rule 50(b). However, because the Court cannot grant judgment as a matter of law with respect to infringement, as explained above, and will not grant a new trial, as explained below, it would be futile to examine whether or not Better Bags has presented sufficient evidence on its affirmative defenses. The Court denies the motion as moot.

## III. MOTION FOR A NEW TRIAL

### A. Legal Standard

Federal Rule of Civil Procedure 59 states that a court may, on motion, grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).[2] A court therefore may grant a new trial if it finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the

---

[1] The Court declined to consider Redi Bag's challenge to Better Bags's affirmative defenses at the time and denied the motion as premature, as Redi Bag had not yet presented its evidence on infringement.

[2] Redi Bag also moves for a new trial under Rules 320 and 329 of the Texas Rules of Civil Procedure (Mot. for New Trial at 1, 12), and, in articulating the standard applicable for motions for new trials, cites only Texas state cases. (*Id.* at 3–5.) These rules merely provide the procedure, applicable in "courts of the State of Texas," for granting a new trial. Tex. R. Civ. P. 2. Redi Bag does not urge the Court to undertake an *Erie* analysis to apply these rules in federal court, and does not explain why state law would apply to a patent claim. Moreover, "Rule 329 b(e)" (Mot. New Trial at 12) does not exist, and Rule 329 applies only "[i]n cases in which judgment has been rendered on service of process by publication, when the defendant has not appeared in person or by attorney of his own selection." Thus, the Court addresses Redi Bag's Motion only under Rule 59 of the Federal Rules of Civil Procedure.

trial was unfair, or prejudicial error was committed in its course. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

Courts are to decide whether to grant a new trial based on their assessment of the fairness of the trial and the reliability of the jury's verdict. *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). This decision lies within the discretion of the court. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000). In determining whether to grant a motion for new trial, the court must view the evidence in the light most favorable to the jury's verdict, and the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of the other party that the Court believes that reasonable persons could not arrive at a contrary conclusion. *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). When a party moves for a new trial on evidentiary grounds, a new trial should not be granted unless "the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

### B. Dilatory Tactics

Redi Bag requests a new trial "to avoid the unjust result occasioned by the conduct of Better Bags in pushing the limits of the jury by presentation of four days of testimony on a single claim of contract breach." (Mot. New Trial at 3–4.) Redi Bag also claims that "the Court's indulgence of Better Bags['s] dilatory efforts . . . unduly trivialized Redi Bag's cause in the eyes of the jury and prejudiced the jury." However, a substantial portion of Better Bags's three and a half days of testimony was directed at defending itself against the infringement claim, further

5

evidenced by the fact that Better Bags did not present any argument in rebuttal after Redi Bag rested. While Better Bags's case-in-chief extended longer than the Court and jury anticipated, the Court does not believe Better Bags acted tactically or with malicious intent in taking additional time to present its claims and defend itself. Redi Bag did not ask the Court for additional time or object to giving the case to the jury on Friday afternoon. On the contrary, Redi Bag's counsel volunteered that his presentation would take approximately three hours or less. Moreover, the Court does not believe that the length of Better Bags's presentation of evidence at trial prejudiced Redi Bag any more than it did Better Bags in the eyes of the jury.

### C. Supplemental Jury Instruction

A trial judge enjoys wide latitude in deciding how to respond when a jury expresses confusion or difficulty over an issue. *See United States v. Stevens,* 38 F.3d 167, 169–70 (5th Cir. 1994). "When evaluating the adequacy of supplemental jury instructions, we ask whether the court's answer was reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it." *Id.* at 170.

The jury's note stated, "In claim one there are multiple elements. If BB product is similar (header, bag, back wall, etc.) but one element (ie pouch/sleeve) is different is the example not infringing? For example do you only need one element to be different for infringement?" (Doc. No 76 at 1.) The Court responded, "As noted in Instruction 10, each and every element of Redi Bag's patented claim must be found in the Better Bags product to constitute infringement. However, not every element of the two products must be identical."

When the parties' attorneys and the Court discussed this note, there was some concern, based on the wording of the jury's question, that the jurors were focusing on comparing the

6

commercial embodiment of the patent with the infringing product and the differences between them.  After the Court suggested the response that it ultimately used, Redi Bag's counsel asked, "Do you think they're comparing the product?  . . . It could be."  (Ex. B, Excerpt of Proceedings, January 13, 2012, at 9.)  Redi Bag's counsel continued, "I like your recommendation of the two sentences, because I think they've read it, they don't understand what 'found in' versus 'the same combination' means.  They don't know whether they should be looking at something missing or something different.  I think you're clarifying that." (*Id.* at 10.)  He stated, "I think they found all the elements, and they found two—one of the elements is different.  It looks different, it's not—it's not the same as what's in the example, because they've had some comparison of the commercial product.  They're saying: 'Okay.  We found all the elements.  We have a question now.'  Some people raise a question.  If we found the element, but it's different, do you still have infringement?  And the patent law is clear on that.  Yes, you find the element." (*Id.* at 11.)

Redi Bag, therefore, did not object to the response to the jury note before it was delivered to the jury, and affirmatively approved the Court's proposed instruction.  The answer was also "reasonably responsive to the jury's question and . . . the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it."  *Stevens,* 38 F.3d at 170. The Court's response did not instruct the jury to compare the two products.  The Court's answer informed the jury that the correct inquiry was whether "each and every element of Redi Bag's patented claim [is] found in the Better Bags product."  The two products presented at trial need not be identical.  Thus, the Court cannot find that the response to the jury note was a "prejudicial error," as required for a new trial, much less the "plain error" required because Redi Bag did not object to the supplemental instruction.  *See Resendez v. Wal-Mart Stores, Inc.*, 180 Fed. Appx.

543, 543 (5th Cir. 2006) ("Federal Rule of Civil Procedure 51 is clear that a party must object to jury instructions on the record, or else review is limited to plain error."); *United States v. Schmidt*, 229 F.3d 1148, 2000 WL 1239189, at *8 (5th Cir. Aug. 11, 2000) ("[S]ince [Defendant] did not object to the court's supplemental instruction, our review is for plain error."); *Riddle v. Tex-Fin, Inc.*, 719 F. Supp. 2d 742 (S.D. Tex. 2010) (reviewing jury instructions for plain error on a motion for new trial because the movant failed to object at the time the instructions were given) (citing *Jacobs v. City of Philadelphia,* No. Civ. A. 03-CV-950, 2005 WL 1899499, at *12 (E.D. Penn. Aug. 8, 2005), *aff'd,* 212 Fed. Appx. 68 (3d Cir. 2006)).

### D. Evidence of Infringement

The Court must accept a jury's decision "if the record contains competent and substantial evidence fairly tending to support the verdict . . . even if different inferences and conclusions also might be supported by the evidence." *Turnage v. Gen. Electric Co.*, 953 F.2d 206, 212 (5th Cir. 1992).

> The claims at issue, in relevant part, required:
>
> A pouch, said pouch comprising a front wall having a bottom edge, side edges and a top edge, and a rear wall having a bottom edge and side edges, said bottom edge and said side edges of said front wall and said bottom edge and said side edges of said rear wall, respectively, being joined together to form said pouch, *said top edge of said front wall being unattached so as to define an opening for said pouch spaced from said header*; and means for attaching said pouch to said header such that at least a portion of said second section of said bag may extend through said pouch opening and within said pouch.

('137 Patent, Doc. No. 27-1, at col. 4, ll. 30–40.)  The Court's claim construction order found the italicized language to mean that "at least a portion of the top edge must be cut away or open to allow the formation of a pouch opening so that bags can be retrieved from the pouch." (Memorandum and Order, Doc. No. 33, at 25.)  The main point of disagreement between the two

8

parties was whether or not the top edge of green sleeve on the Better Bags accused product was the top edge of the *pouch* recited in the claims.

Redi Bag argues that the top edge of the pouch does not include the portion of the green sleeve that is above the perforation line. Rather, according to Redi Bag, the pouch ends at the black line drawn across the top of the bags seen here:



(Mot. New Trial at 11.)

The claim language identifies a bag, divided by a perforation line into a first section and second section. ('137 Patent at col. 4, ll. 26–27.) The first section is the upper disposable portion of the bag, situated within the header recess, that remains once the consumer retrieves a bag. (*Id.* at ll. 28–30.) The second section of the bag is the part that is torn off and used by consumers. The claim states that "at least a portion of said second section of said bag may extend through said pouch opening and within said pouch." (*Id.* at ll. 24–40.) Redi Bag concludes that "[t]herefore, the 'pouch' is the part of the outer cover that holds the second section of the bag." (Mot. New Trial at 11.) However, this does not necessarily follow—just because "at least a portion" of the second portion of the bag "may" extend through the pouch

does not mean that no portion of the first section may be encompassed in the pouch. ('137 Patent at col. 4 ll. 24–40.)

In fact, the Court's claim construction ruling allows for a portion of the pouch to be attached to the header, which would encompass at least a portion of the first section of the bag. In the Order, the Court noted that the central issue in construing the term at issue was "whether the top edge of the front wall of the pouch must be completely unattached from the header—in other words, whether the top edge must attach only to the two side edges, leaving the tops of the bags outside of the pouch all the way across the header." (Memorandum and Order, Doc. No. 33, at 19.) The Court continued:

> The Court finds no "clear and unmistakable" disavowal of all embodiments in which the top edge of the pouch is partially attached to the header, and thus is not only attached to the two side edges. In amending the claims to distinguish the Kugler Patent, it the inventors of the '137 Patent clearly disavowed embodiments in which the top edge was completely attached to the header so that opening does not touch the top of the device, as in the Kugler Patent. However, the inventors did not need to disavow any more than that in order to distinguish the Kugler Patent, and it is not clear that they did so.

(*Id.* at 19–20.)  Thus, the Court found that the top edge of the pouch need not be completely unattached from the header.  The Court made no findings about whether or not the top portion of the sleeve could constitute the top edge of the pouch.

Mr. Alvarado, President of Better Bags, testified that the top edge of the front wall of the accused product was not unattached.  He stated that the portion of the top edge of the green sleeve extends below the header and perforation line,[3] and reaches from one side of the sleeve to the other.  Better Bags also introduced evidence that after the initial application for the '137 patent was rejected, the inventor amended the claims to overcome the rejections based on the

---

[3] The picture of the infringing product included above was part of a demonstration made by Redi Bag at trial, who cut away a portion of the green sleeve near the top so that the opening is at the same height as the perforation line. The top portion of the sleeve on the original accused product extends below this line. (*See, e.g.*, Redi Bag Trial Exs. 11, 12, 15, 16.)

10

Kugler Patent, U.S. Patent No. 3,306,492. The Kugler Patent discloses a plastic dispensing bag with a plurality of smaller plastic bags. (Better Bags Trial Ex. 10.) The dispensing bag consists of a front wall, rear wall, and a header, and it is sealed to enclose the smaller bags at the side edges, the bottom edge, and the top edge. (*Id.*) The remarks contained with the amendment to the '137 patent include a statement that "[t]he pouch is now required to have front and rear walls, the bottom edge and side edges of which are joined to form the pouch, with the top edge of the front wall unattached so as to form the pouch opening. None of the references teach the above referenced structure." (Better Bags Trial Ex. 9 at 7.) The remarks additionally state, "The dispensing bag 12 of Kugler has no front wall with an unattached top edge. Further, the bottoms of consumer bag 14 do not extend through the oval opening 26." (*Id.* at 8.)

Viewing the evidence in the light most favorable to the jury's verdict, the Court cannot conclude that "the evidence points so strongly and overwhelmingly in favor of the other party that the Court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson* , 978 F.2d at 208.

### E. Testimony Regarding Method of Manufacturing of the Sleeve

Redi Bag also argues that it is entitled to a new trial because the Court allowed Better Bags's counsel to present its theory "that the claim construction required the steps of having a large outer bag which is converted to a pouch by cutting away the top edge of the large outer bag." (Mot. New Trial at 13.) Redi Bag calls this the "chicken or the egg" theory, based on statements Better Bags's counsel made during a bench conference and closing arguments.

During the last day of trial, Better Bags's counsel asked Mr. Rabiea, President of Redi Bag, to use a green plastic bag to create a sleeve that resembled the sleeve on the accused product. To the extent Better Bags used this demonstration to show that the top portion of what

it contended was the pouch was not "cut away or open" as required by the Court's claim construction language, it was proper. In fact, Redi Bag presented its own demonstration by cutting away the top edge of the sleeve to show the portion that it believed was the pouch. Because the parties had different interpretations of which portion of the sleeve constituted the pouch, they were entitled to present testimony regarding these different views.

Redi Bag is correct that the Court's claim construction language was not intended to, and could not, transform the '137 patent into a method patent. The Federal Circuit has "noted 'the distinction between a claim to a product, device, or apparatus, all of which are tangible items, and a claim to a process, which consists of a series of acts or steps.'" *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1362 (Fed. Cir. 2009) (quoting *In re Kollar,* 286 F.3d 1326, 1332 (Fed. Cir. 2002)). It is clear from the Court's claim construction that "cut away" and "open" are both adjectives used to describe the top edge. With its claim construction, the Court could not add a required action of cutting away the top edge.

However, Redi Bag points to no testimony in particular that it believes was prejudicial, nor did it ask for a curative instruction on method versus apparatus patents. When Redi Bag objected to this line of questioning on the final day of trial,[4] the Court had an extensive discussion with both parties. It ruled that it did not want any more testimony about the method of manufacturing the accused product, but allowed Better Bags's attorney to continue with his questioning on the issue of infringement. The next time Redi Bag's attorney objected, the Court sustained the objection and told Better Bags's counsel to move on from the issue. While the "chicken or the egg" theory again came up briefly during closing arguments, Redi Bag did not object. Moreover, the Court instructed the jury that "[s]tatements and arguments of the attorneys

---

[4] Redi Bag objected on this basis once earlier in the testimony; however, at that time, Better Bags's counsel had only provided the witness with scissors and the green bag and read a portion of the claim construction. Better Bags had not yet expanded upon its theory.

are not evidence and are not instructions in the law." Thus, the Court concludes that there was not prejudicial error or substantial injustice done.

## IV. CONCLUSION

For the reasons stated in this order, Redi Bag's Motion for Directed Verdict and Judgment as a Matter of Law for Infringement of the '137 Patent (Doc. No. 72) and Redi Bag's Motion under FRCP Rule 59 for New Trial (Doc. No. 73) are **DENIED**. Redi Bag's Motion for Directed Verdict and Judgment as a Matter of Law Dismissing Better Bags['s] Affirmative Defenses (Doc. No. 79) is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 24th day of May, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE