UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BETTER BAGS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3093 |
| | § | |
| **REDI BAG USA LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Redi Bag's Motion for Reconsideration and Amendment of Judgment ("Motion") (Doc. No. 109). After considering this Motion, the response, and the applicable law, the Court finds that the Motion must be denied.

### I. BACKGROUND

The Court has outlined the relevant facts in its prior Memorandum and Orders (Doc. Nos. 48, 100), and will not repeat them here.

In its most recent Memorandum and Order (Doc. No. 100), the Court denied Redi Bag's post-trial motions for new trial and judgment as a matter of law. Redi Bag now asks the Court to reconsider this decision in its entirety.

### II. LEGAL STANDARD

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the

1

reconsideration motion is filed within 28 days of the challenged order. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011); *In re BP Shareholder Derivative Litig.*, 2011 WL 5880946, at *2 (S.D. Tex. Nov. 23, 2011). The Court granted multiple extensions of this deadline upon the agreement of the parties, and thus considers this Motion to be timely filed under Rule 59(e).

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### III. ANALYSIS

Redi Bag argues that every aspect of the Court's analysis of its motions for judgment as a matter of law and motion for a new trial was flawed. Many of these arguments rehash the points made by Redi Bag in those motions and other briefing. The Court will address each section of its previous order in turn.

#### A. Motions for Judgment as a Matter of Law (JMOL)

Redi Bag states that it did not waive its right to move for judgment as a matter of law by failing to move for judgment as a matter of law at the close of all evidence. Although its argument in the previous motions was that it had, in fact, moved for judgment as a matter of law,

it now acknowledges that it did not do so on the record. Instead, Redi Bag charges that the Court did not afford an opportunity for it to move for judgment as a matter of law. It states that it "relied on the previous statements and indications from the Court that in the interest of expediting a long overrun trial, late on a Friday evening, that the Court was preserving unraised issues." (Mot. at 4.) Redi Bag first notes the Court's assurance, during the jury charge conference, that all objections on both sides were preserved. (Mot. at 3.[1]) However, the Court clearly was referencing only jury instruction objections. Redi Bag also cites the Court's assurances that Better Bags was not waiving its rights at the close of testimony, even though it is clear that this exchange refers only to the issue of attorneys' fees, which would be heard after the jury trial was concluded. (Jury Trial Transcript, Volume 4, Doc. No. 109-4, at 987–88.) Moreover, Redi Bag asserts that it was clear at the time that the Court and both parties believed that the motion for directed verdict raised after the verdict was a proper renewal of a Rule 50(b) motion. However, the Court, by stating on the record that it was "not going to rule on [Redi Bag's] motion right this minute" (Excerpt of Proceedings, Doc. No. 109-6, at 15), was not affirming the propriety of this motion, but rather waiting until it received the arguments in writing to make a decision about all aspects of the motion, including whether it was procedurally proper.

Redi Bag also cites caselaw that it believes stands for the proposition that "[n]oncompliance with the technical requirements has been excused in cases where the party has satisfied the purposes of Rule 50(a)." (Mot. at 3 (citing *U.S. for use of Wallace v. Flintco Inc.*, 143 F.3d 955, 960 (5th Cir. 1998).) However, in *Flintco*, the Fifth Circuit noted that, "[a]lthough Rule 50's requirements have been liberally construed in this circuit, . . . '[e]ven with a liberal interpretation [of Rule 50(b)], . . . this circuit has never completely disregarded the requirement

---

[1] Redi Bag cites Exhibit B, which does not contain the correct excerpt of the transcript.

that [a party] must move for judgment as a matter of law at the close of all the evidence.'" *Flintco*, 143 F.3d at 961 (citing *Polanco v. City of Austin*, 78 F.3d 968, 974 (5th Cir. 1996)). Moreover, Redi Bag points to no action it took which raised the issue of the insufficiency of Better Bags's evidence in defending against the infringement charge. It is not sufficient for Redi Bag to assert that "[t]here is no reason to believe that specifically raising the motion, on a third occasion,[2] would have alerted Better Bags to an insufficiency in their defense or that they would have added anything to their theory of non-infringement." (Mot. at 5.) Rather, a party must move for judgment before the verdict in order to ensure that the opposing party is alert "to the specific grounds for an anticipated challenge to the sufficiency of its proof" and allow that party "the opportunity to move to cure any such deficiency." *Flintco*, 143 F.3d at 963.

Because the Court is not reconsidering its opinion with respect to judgment as a matter of law of infringement, it also does not reconsider its finding that the motion for judgment as a matter of law on Better Bags's affirmative defenses is moot.

**B. Motion for New Trial**

    **1. Dilatory Tactics**

Redi Bag argues that the Court erred in determining that Redi Bag was not prejudiced by Better Bags's lengthy case in chief and cross examination. It cites no caselaw in support of this argument, and thus it appears to be arguing that the Court committed a manifest error of fact, not law.

The basis of the argument is that Better Bags "took 4 days to present contract issue/affirmative defenses that did not even go to the jury." (Mot. at 7.) However, as the Court

---

[22] With this statement about three occasions, it appears that Redi Bag's definition of the first two occasions encompasses Better Bags's two opportunities to present evidence, in its case in chief and again in cross examination on Redi Bag's infringement claim. Redi Bag's interpretation of its notice to Better Bags about the insufficiency of the evidence, and of Better Bags's opportunities to cure this deficiency, would eviscerate Rule 50(a), as the court could always find that a party was on notice solely through the testimony presented at trial.

found in its previous memorandum and order, there is no indication that this prejudiced Redi Bag more so than Better Bags.  Better Bags was entitled to present evidence to support its claims and defenses.  If Redi Bag thought that Better Bags's claims were baseless and wanted to prevent this testimony at trial, it could have moved for summary judgment before trial.

Redi Bag asserts that "in light of the atmosphere of indulgency for Better Bags and a clear deference to Better Bags over the objections and concerns of Redi Bag's counsel, it was not an atmosphere that would encourage Redi Bag's counsel to request additional days of trial." (Mot. at 7.)  However, in response to a question from the Court about how long Redi Bag would need for its case in chief, counsel stated, "If I started off first, three hours, Your Honor, probably less than that.  We could finish on Friday."  (Jury Trial Transcript, Volume 4, Doc. No. 109-4, at 988.)  When counsel stated that he was being "crammed into half a day on Friday," the Court stated explicitly that "I haven't told you you're limited to half a day," and counsel responded "I don't have a problem with that."  (*Id.* at 989.)  The Court started applying time limits on Redi Bag's damages expert not to limit its ability to present its case, but because of the consensus of the parties that they wanted to get the case to the jury on Friday in order to avoid losing three more jurors.  The Court held Better Bags to the same time limits.  (Jury Trial Transcript, Volume 5, Doc. No. 109-5, at 1221.)

For these reasons and those stated in the Court's previous Order, the Court does not find that Redi Bag was prejudiced by any alleged dilatory tactics.

### 2. Supplemental Jury Instruction

Redi Bag asserts that the Court committed a manifest error of fact in finding that Redi Bag agreed to the supplemental jury instruction given by the Court.  It asserts that the portions

quoted by the Court in the previous Order were taken out of context, and that it was only agreeing to the Court's previously suggested instruction.

The jury's note stated, "In claim one there are multiple elements.  If BB product is similar (header, bag, back wall, etc.) but one element (ie pouch/sleeve) is different is the example not infringing?  For example do you only need one element to be different for infringement?" (Doc. No. 76 at 1.)  The Court's first suggestion was: "As noted in Instruction 10, each and every element of Redi Bag's patented claim must be found in the Better Bags product to constitute infringement. . . .  However, not every element must be identical."  (Excerpt of Proceedings, Doc. No. 109-6, at 7.)  In the response that went back to the jury, the Court modified the second sentence to say that "not every element *of the two products* must be identical."  (*Id.* at 8–9; Doc. No. 76 at 1.)  It is this response, and particularly the added portion in italics, that Redi Bag contends constituted fundamental error.

Even if Redi Bag did not intend to expressly agree with the instruction given by the Court, it certainly did not voice any objection to it.  Like the Court, it also expressed concern that the jury could be confused because it was comparing the two products.  The jury asked if the example was non-infringing if "one element . . . is different."  (Doc. No. 76 at 1.)  The Court ultimately modified the second sentence from its original suggestion in order to more fully address this question and the jury's use of the word "different."  The words "different" and "identical" do not correctly describe the inquiry needed in a patent infringement case, when comparing the accused product to the patented claim.  Every element of the claim must be found in the accused product.  In that sense, the accused product cannot be different from the patented claims.  The words "different" and "identical" make sense only in a comparison of the accused product and Redi Bag's preferred or commercial embodiment.  Thus, the Court's instruction

sought to clear up confusion by informing the jury that each element of the patent claim must be found in the accused product, but that the two products need not be identical. Contrary to Redi Bag's contentions, this response did not instruct the jury to compare the two products, but rather was an attempt to discourage that behavior by informing them that they need not do so.

Redi Bag's counsel made statements on the record that supported this interpretation of the jury's question about the different elements, and the instruction used by the Court. As the Court noted in its previous Order, he stated:

> "I think they found all the elements, and they found two—one of the elements is different. It looks different, it's not—it's not the same as what's in the example, because they've had some comparison of the commercial product. They're saying: 'Okay. We found all the elements. We have a question now.' Some people raise a question. If we found the element, but it's different, do you still have infringement? And the patent law is clear on that. Yes, you find the element."

(Excerpt of Proceedings, Doc. No. 109-6, at 11.) He also noted that the jury "need[s] to understand that if you find a pouch that has all the elements of a pouch, they could be a different pouch than *the pouch shown in the patent*. That's what 'different' means to me." (Excerpt of Proceedings, Doc. No. 109-6, at 5 (emphasis added).)

Accordingly, the Court finds no error of fact in determining that Redi Bag failed to object to this proposed instruction and also in finding that there was no prejudicial error in the instruction given.

### 3. Evidence of Infringement

Again, Redi Bag suggests that the court erred in relying on testimony that the top portion of the green sleeve was attached to the header, as the top portion could not constitute the pouch. Redi Bag does not clarify why it believes that this part of the sleeve cannot constitute the pouch, again citing only to the portions of the claims dealing with the perforation of the bags without explaining how this language requires Redi Bag's interpretation of the top edge of the pouch

7

being situated under the perforated line. As the Court finds no manifest error of law or fact, the Court affirms its judgment on this portion of the Motion for New Trial.

#### 4.  Testimony Regarding Method of Manufacturing of the Sleeve

Redi Bag also moves for reconsideration of the portion of the order discussing the testimony that Redi Bag believes attempted to transform the patent into a method patent. Redi Bag contends that the Court "trivializes the effect and extent of the testimony regarding the method of manufacture of the sleeve." (Mot. at 14.)

> The Court has already acknowledged that
>
> Redi Bag is correct that the Court's claim construction language was not intended to, and could not, transform the '137 patent into a method patent. The Federal Circuit has "noted 'the distinction between a claim to a product, device, or apparatus, all of which are tangible items, and a claim to a process, which consists of a series of acts or steps.'" *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1362 (Fed. Cir. 2009) (quoting *In re Kollar,* 286 F.3d 1326, 1332 (Fed. Cir. 2002)). It is clear from the Court's claim construction that "cut away" and "open" are both adjectives used to describe the top edge. With its claim construction, the Court could not add a required action of cutting away the top edge.

(Memorandum and Order, Doc. No. 100, at 12.) It is true that Better Bags's counsel, at the hearing on post-trial motions, expressed his erroneous view that the "cut away" language must be a verb. However, this interpretation of the patent was not expressed to the jury. Redi Bag identifies three places in which this interpretation was expressed, but each was either post-trial or outside the presence of the jury during trial. (*See* Mot. at 14 (citing Jury Trial Transcript, Volume 5, Doc. No. 109-5, at 1155–58,1178–79[3]).) As Redi Bag notes, the Court instructed that there should be no more discussion about the method of manufacturing. (Jury Trial Transcript, Volume 5, at 1158.) Redi Bag states that this statement instructed the jury "to disregard the

---

[3] The Court references the official transcript pages. It believes these pages identified correspond to the pages cited by Redi Bag, although Redi Bag uses a different page numbering convention based on the page numbers of each individual volume.

8

testimony regarding the expanded method claim theory as irrelevant," and therefore that "it was unnecessary to request such an instruction." (Mot. at 15.)

The Court reaffirms its finding that the demonstration by Better Bags's counsel was proper to the extent it was used to show that the top portion of what it contended was the pouch was not "cut away or open" as required by the Court's claim construction language. Redi Bag had a similar demonstration that involved cutting away the top edge of the sleeve to show the portion that it believed was the pouch. As the Court noted in its previous Order, it sustained the objections of Redi Bag's counsel on this issue when it came up on the final day of trial, instructing Better Bags to move on from the issue. Although Redi Bag states that there were "days" of testimony on this issue, its only other citation is to a portion of the transcript where Redi Bag's counsel was cross-examining a Better Bags witnesses regarding the method of manufacturing. (Mot. at 15 (citing Jury Trial Transcript, Volume 3, Doc. No. 109-3, at 561–64).)

The Court finds that the testimony allowed at trial was correctly directed to showing whether the top edge of the pouch was "cut away or open," as required by the claims. Redi Bag has presented no testimony that requires the Court to reconsider its ruling and find that the jury was prejudiced by any testimony of Better Bags or statements of its counsel.

## IV. CONCLUSION

Redi Bag quotes from this Court's expressions of concern as to the timing and sequence of the trial. Indeed, the Court was not altogether happy with the trial's narrative. When the jury was selected on Monday of trial week, prospective jurors were told to plan on the trial lasting three days.

Instead, Better Bags's case in chief lasted more than three days. In reviewing the entirety of the trial record, however, the Court nonetheless concludes that a new trial is not warranted.

Better Bags's case took longer than expected because of unexpected testimony from the witness stand. Moreover, Redi Bag expressed confidence that its own case could be presented in only three hours. When the Court assured Redi Bag that it need not limit itself to three hours, Redi Bag reiterated that it did not need more time. Having made this tactical decision as to trial conduct, Redi Bag cannot appropriately ask for another trial.

Based on the foregoing, Redi Bag's Motion for Reconsideration and Amendment of Judgment (Doc. No. 109) is **DENIED**. Because the jury returned a special verdict with answers to written questions, Better Bags's Motion for Entry of Judgment on the Jury Verdict (Doc. No. 90) is also **DENIED**. Better Bags is instructed to file a proposed final judgment with the Court within 10 days of this order.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 6th day of September, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE